█ In the Matter of the Claim of ISAAC MARCHENA, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— MEMORANDUM BY THE COURT. Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 24, 1968, which determined that claimant was ineligible to receive benefits effective December 2, 1966, and from December 5, 1966 through December 12, 1966, on the ground that he was not totally unemployed, charging him with an overpayment of $53.75 in benefits ruled to be recoverable, and holding that claimant willfully made false statements to obtain benefits for which a forfeiture of 48 effective days was imposed. Claimant, a hairdresser, certified to total unemployment in the weeks ending December 4 and December 11, 1966 and testified that he commenced work on December 12, 1966. The president of his employer testified that he tried out for the job on December 2, 1966 and was paid for that day and commenced work on December 5, 1966. The board rejected claimant's testimony and accepted the testimony of his employer's president. Although the claimant contends there are inaccuracies in the testimony of his employer's president, the issue of credibility and the determination of the question of fact as to the date claimant commenced work are within the exclusive province of the board. (*Matter of Ianitzky* [*Catherwood*], 24 A D 2d 1043; *Matter of Perry* [*Catherwood*], 24 A D 2d 921; *Matter of Ilibassi* [*Catherwood*], 27 A D 2d 673.) Since there is substantial evidence in the record to support the determination of the board, we will not disturb its determination. Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum by the court.

## (January 14, 1969)

█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LEROY J. HARVEY, Appellant.— Application for permission to proceed as a poor person and for assignment of counsel denied upon the ground no timely appeal was taken, without prejudice to an application in the nature of a writ of error *coram nobis* to the trial court to set aside the sentence upon the ground that defendant was unlawfully deprived of his right to appeal. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur.

█ In the Matter of CARL CINTRON, Petitioner, v. CHARLES L. McKEN-DRICK, as Warden of Wallkill Prison, and STATE DEPARTMENT OF CORRECTION, Respondents.— Proceeding in the nature of mandamus commenced in this court dismissed, without costs. (See CPLR 7804, subd. [b].) Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur.